84

Frank A. Howard }
vs.            } Eq.No.4152
James J. McArdle et al. }

January 21, 1918

TANNER, P. J.  This is a demurrer to a bill in equity. It is a stockholders' suit brought by one stockholder in the name of himself and all other stockholders who desire to become parties.

It is argued for the demurrer that the bill should state a request to the corporation to bring the suit. It is well settled, however, that this is not necessary in a case like the present where it appears that the request would be useless, since the respondents own and control a majority of the stock and the officers of the corporation are parties defendant.

The bill is technically deficient in some regards. It has no prayer for process. The corporation should also be a party defendant.

Vol. 3, Cook on Corporations, p. 2685.

It is also argued for the demurrer that the stating part of the bill is faulty for uncertainty in allegations.

"The bill must have reasonable certainty but need not set out the matter with that decisive and categorical certainty which is requisite in pleading at common law."

Fletcher's Equity Pl., Sec. 85.

"In charging combination to defraud, a general statement of the facts is sufficient. The facts and circumstances tending to establish it need not be minutely set forth. It is sufficient if the facts which constitute the fraud are set forth with an averment of their injurious result. The details of the circumstances which tend to establish the dishonest intent are more properly left to the evidence."

85

Fletcher's Equity Pl., Sec. 98, p. 132.

The defendants complain that time and place are not stated as to the variety of acts alleged to have been done by the respondents in pursuance of the conspiracy.

The time when this conspiracy was entered into is alleged to be unknown to the complainants. It is highly probable that the time and place of these different alleged acts of conspiracy are unknown to the complainants. We see no necessity for compelling them to allege time and place as to each of these acts, since it wouldn't be material if proven and in all probability they are better known to the respondents than the complainants.

It is argued for the demurrer that McArdle and McKenzie had a right to sell their stock to Mowry. This is of course true but it is a circumstance stated apparently in connection with the alleged conspiracy to give to the defendants Mowry control of the corporation and may be material in connection therewith. This is true of the allegation of turning over all the rec-

ords and books of the corporation to the defendants Mowry.

We think it is sufficiently stated that the traplocks, which the defendants Mowry allege to have sold, the proceeds of which they allege to have appropriated, were sales on account of the corporation and an injury to it.

We think the allegation of loaning money to the corporation unlawfully is too uncertain. We think it should also appear that such loans were unnecessary.

The neglect to pay franchise taxes and file corporate reports are not material for the reasons stated in respondents' brief, for Mowry was not an officer of the corporation, but these things are alleged to have been done in pursuance of the conspiracy to injure the corporation.

We do not think it necessary to require further allegations as to sale of the corporation property in Wrentham by judgment creditors, since the truth of this must be well known to the respondents. If not true, the respondents can specifically deny it and compel the complainants to prove it.

The last allegation as to suffering taxes due to Wrentham to remain unpaid affects the respondent Mowry simply by virtue of the allegation that this was done in pursuance of the conspiracy between him and the officers of the company.

Demurrer sustained in the respects specified.

For complainant: J. W. Grimes.

For respondent: Gardner, Pirce & Thornley and J. L. Curran.